1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITANIE HALLMON,<br><br>    Plaintiff,<br><br>    v.<br><br>STANISLAUS COUNTY HUMAN RESOURCE DEPARTMENT, *et al.*,<br><br>    Defendants. | Case No. 1:19-cv-01623-DAD-EPG<br><br>**ORDER FOR PLAINTIFF TO:**<br><br>**(1)  FILE A FIRST AMENDED COMPLAINT;**<br><br>**(2) NOTIFY THE COURT THAT SHE WISHES TO PROCEED ONLY AGAINST HER EMPLOYER, STANISLAUS COUNTY, FOR EMPLOYMENT DISCRIMINATION UNDER TITLE VII, AND VOLUNTARILY DISMISS INDIVIDUAL DEFENDANTS; OR**<br><br>**(3) NOTIFY THE COURT THAT SHE WISHES TO STAND ON THE COMPLAINT, SUBJECT TO FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER**<br><br> (ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

   On August 23, 2019, Plaintiff, Britanie Hallmon ("Plaintiff"), appearing *pro se* and *in forma pauperis*, commenced this action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5 ("Title VII"), alleging claims against Stanislaus County Human Resource Department

(the "County"), and the individuals Tamra Thomas, Mari Tamimi, Shelly Anntonucci, and Joan Sahard (the "Individual Defendants"). (ECF No. 1.) This action was initially brought in the Northern District of California, which transferred it to this district on November 15, 2019.

For the reasons described below, the Court finds for screening purposes that Plaintiff states a cognizable claim against only her employer, the County of Stanislaus, for a violation of Title VII for employment discrimination and fails to state any other claims. Specifically, Plaintiff does not state cognizable claims against the Individual Defendants under the legal standards explained below.

Plaintiff now has options as to how to move forward. Plaintiff may file an amended complaint if she believes that additional factual allegations would state additional claims. If Plaintiff files an amended complaint, the Court will screen that amended complaint in due course. Alternatively, Plaintiff may file a statement with the Court saying that she voluntarily wishes to dismiss the Individual Defendants and proceed against only her employer, the County of Stanislaus, for employment discrimination. Finally, Plaintiff may file a statement with the Court that she wishes to stand on this complaint and have it reviewed by a district judge, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

## I. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), in any case in which a plaintiff is proceeding *in forma pauperis*, the Court must conduct a review of the complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. DISCUSSION

Title VII of the Civil Rights Act of 1964 provides that it shall be an unlawful employment practice for an employer to fail to refuse to hire, or otherwise discriminate against, any individual because of her race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(b).  To establish a prima facie case of intentional discrimination (known as "disparate treatment") under Title VII, Plaintiff must show that: "(1) [s]he is a member of a protected class; (2) [s]he was qualified for [her] position; (3) [s]he experienced an adverse employment action; and (4) similarly situated individuals outside [her] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004); *see also Raad v. Fairbanks North Star Borough School Dist.*, 323 F.3d 1185, 1195-96 (9th Cir. 2003) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

The Court has reviewed the Complaint and finds that the Complaint sufficiently alleges a claim under Title VII of the Civil Rights Act of 1964 for employment discrimination against Plaintiff's employer, Stanislaus County, to proceed past the screening stage.[1]

---

[1] Plaintiff also attaches information indicating she appears to have exhausted the claim at the administrative level.

However, Plaintiff names as Defendants the Stanislaus County Human Resource Dept, Tamra Thomas, Mari Tamimi, Shelly Anntonucci, and Joan Sahard.  While Title VII provides a cause of action against employers, including government employers, *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 579 (9th Cir. 2000), it "does not provide a separate cause of action against supervisors or co-workers," *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007).  Therefore, Plaintiff's complaint has not stated a cognizable claim against these defendants.

Therefore, Plaintiff has, for screening purposes, stated a claim for employment discrimination only against her employer, Stanislaus County. The claims against all other defendants are not cognizable under Title VII as explained above.

### III.    CONCLUSION AND ORDER

The Court finds that Plaintiff has stated a cognizable claim against her employer, Stanislaus County, for employment discrimination in violation of Title VII of the Civil Rights Act of 1964.  Plaintiff has not stated any other claims.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires."  Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.  *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Plaintiff is granted leave to file an amended complaint within thirty days.

Plaintiff should note that although he has been granted leave to amend, it is not to change the nature of the suit or to add unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Alternatively, under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss all claims against one or more defendants to a case. Plaintiff may notify the Court she wishes to voluntarily dismiss the Individual Defendants and proceed against only the County as her employer.

Finally, Plaintiff may instead choose to stand on this complaint, in which case the Court will issue findings and recommendations to a district judge recommending that this case be dismissed for the reasons described in this order.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
    a. File a First Amended Complaint, which the Court will screen in due course;
    b. Notify the Court in writing that she wishes to proceed on her Title VII claim against her employer, Stanislaus County, only and dismiss the individual named defendants; or
    c. Notify the Court in writing that she wants to stand on her complaint, in which case the Court will issue findings and recommendations to a district judge consistent with this order.
2. Should Plaintiff choose to amend her complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:19-cv-01623-DAD-EPG; and
3. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **April 16, 2020**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

5