UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITANIE HALLMON,<br><br>Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY HUMAN RESOURCE DEPT., et al.,<br><br>Defendants. | No. 1: 19-cv-01623-DAD-EPG<br><br>ORDER GRANTING MOTION TO DISMISS FILED BY DEFENDANT STANISLAUS COUNTY<br><br>(Doc. No. 19) |

This matter is before the court on the motion to dismiss plaintiff's complaint filed on behalf of defendant Stanislaus County. (Doc. No. 19.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, defendants' motion was taken under submission on the papers. (Doc. No. 21.) For the reasons explained below, the court will grant defendants' motion to dismiss.

**BACKGROUND**

Plaintiff Britanie Hallmon, proceeding *pro se*, filed her complaint initiating this action on August 23, 2019 in the U.S. District Court for the Northern District of California alleging employment discrimination by defendants in violation of Title VII of the Civil Rights Act of 1964 and seeking relief pursuant to 42 U.S.C. § 2000e-5(g) due to defendants' alleged failure to promote her and termination of her employment. (Doc. No. 1.) Therein, plaintiff alleged the

1

following. Plaintiff began employment with Stanislaus County as a caseworker on December 12, 2016. (*Id*. at 2.) Upon beginning work, plaintiff noticed that her supervisor and other staff members treated her differently than the other caseworkers in her training unit. (*Id*.) Plaintiff did not receive the proper amount of training in comparison to the other new hires, as she was given only four months of training compared to their six. (*Id*.) Nor did plaintiff receive the same level of guidance as the others in her training group. (*Id*.) When meeting with her supervisor, plaintiff was never informed that her job performance was substandard or that her supervisor was dissatisfied with her performance in any way. (*Id*.) Sensing mistreatment, plaintiff had the "Department Union Representative" review her work and performance, who informed plaintiff that her work was "being nitpicked." (*Id.* at 3.) Plaintiff alleges that others in her unit were not being penalized despite making mistakes similar to those she made. (*Id*.) Plaintiff was released from her job in May 2018 and filed charges with the Federal Equal Employment Opportunity Commission regarding defendants' alleged discriminatory conduct against her on or about May 30, 2018. (*Id*.)

On November 14, 2019, this action was transferred to the Eastern District of California. (Doc. No. 8.) Because plaintiff proceeded in this action *pro se* and *in forma pauperis*, this matter was referred to a United States Magistrate Judge for screening of plaintiff's complaint pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On May 19, 2020, the assigned magistrate judge screened plaintiff's complaint and issued findings and recommendations, recommending that all of plaintiff's claims be dismissed except for her Title VII employment discrimination claim brought against defendant Stanislaus County. (Doc. No. 14.) On June 9, 2020, the undersigned adopted those findings and recommendations and directed that defendants Tamra Thomas, Mari Tamimi, Shelly Anntonucci, and Joan Sahard be terminated from this action. (Doc. No. 18.) On October 2, 2020, defendant Stanislaus County filed the pending motion to dismiss plaintiff's complaint. (Doc. No. 19.)[1] Plaintiff did not file an opposition to the pending motion, but

---

[1] Although the docket in this case lists "Stanislaus County Human Resources Dept." as a separate defendant in this action, the magistrate judge treated the Stanislaus County Human Resources Dept. and Stanislaus County as a single defendant. (*See* Doc. No. 14 at 1.)

2

defendants nonetheless filed a reply on November 10, 2020. (Doc. No. 22.)[2]

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). It is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**ANALYSIS**

Under Title VII, an employer is prohibited from discriminating against any individual because of the individual's race or color. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1019, 1028 (9th Cir. 2006). To establish a prima facie case for Title VII discrimination, plaintiff must

---

[2] On November 23, 2020, the order informing the parties that all civil motions set before the undersigned will be decided on the papers served upon plaintiff by mail at her address of record was returned as "Undeliverable, Forwarding Time Expired." Plaintiff was required by Local Rule 183 to file a notice of change of address with this court within sixty-three days of November 23, 2020, and has not done so.

| | |
|---|---|
| 1 | show the following: (1) she is a member of a protected class; (2) she was qualified for the |
| 2 | position; (3) she suffered an adverse employment action; and (4) similarly situated individuals |
| 3 | outside her protected class were treated more favorably. *Fonseca v. Sysco Food Services of* |
| 4 | *Arizona, Inc.*, 374 F.3d 840, 847 (9th Cir. 2004); *McDonnell Douglas Corp.*, 411 U.S. 792. |
| 5 | When a plaintiff pleads a plausible prima facie case, the complaint sufficiently states a claim. |
| 6 | *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012). "However, a |
| 7 | plaintiff is not required to plead a prima facie case of discrimination or retaliation in order to |
| 8 | survive a motion to dismiss." *Cloud v. Brennan*, 436 F. Supp. 3d 1290, 1300 (N.D. Cal. 2020). |
| 9 | When a plaintiff does not plead a prima facie case, courts still look to the elements of the prima |
| 10 | facie case to determine whether the challenged complaint contains sufficient factual matter which, |
| 11 | if accepted as true, would state a claim for relief that is plausible on its face. *Id*. (citing *Achal v.* |
| 12 | *Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 796–97 (N.D. Cal. 2015). |
| 13 | Defendants argue that although plaintiff checked the box on her form complaint that she |
| 14 | was discriminated against based on her race or color, she "fails to provide any other details to |
| 15 | support the claim or even specify Plaintiff's implicated race or color." (Doc. No. 19 at 6.) |
| 16 | Defendants also assert that plaintiff has failed to plead the race or color of the employees she |
| 17 | contends were treated differently than her. (*Id*.) According to defendants, "[b]are gripes about |
| 18 | workplace administration and training are not actionable . . . absent plausible allegations that a |
| 19 | protected characteristic was the cause of an adverse employment action." (*Id*. at 7.) |
| 20 | As an initial matter, the undersigned acknowledges that federal courts must liberally |
| 21 | construe the "inartful pleading" of *pro se* litigants. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th |
| 22 | Cir. 1987). Nonetheless, plaintiff has failed to sufficiently state a Title VII claim for employment |
| 23 | discrimination. Accordingly, the court will grant defendants' motion to dismiss without |
| 24 | prejudice. Although plaintiff has sufficiently alleged that she suffered an adverse employment |
| 25 | action, she has failed to allege that she is a member of a protected class, that she was otherwise |
| 26 | qualified for the position, or that similarly situated individuals outside of her protected class were |
| 27 | treated differently. For example, nowhere in her complaint does plaintiff clarify the protected |
| 28 | class of which she is allegedly a member. Even construed liberally, plaintiff's complaint does not |

provide the court with sufficient information to identify the missing elements necessary to state a cognizable claim for relief.  However, given plaintiff's *pro se* status and the lack of any identifiable prejudice to defendants, plaintiff will be granted leave to file an amended complaint if she is able to do so in good faith.  *See* Fed. R. Civ. P. 15(a)(2).

## CONCLUSION

Accordingly, the motion to dismiss (Doc. No. 19) brought on behalf of Stanislaus County is granted.  Any amended complaint plaintiff may elect to file shall be filed within twenty-one (21) days of service of this order.

IT IS SO ORDERED.

Dated:   **April 29, 2021**

UNITED STATES DISTRICT JUDGE