UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITANIE HALLMON,<br><br>            Plaintiff,<br><br>      v.<br><br>STANISLAUS COUNTY HUMAN RESOURCE DEPT., et al.,<br><br>            Defendants. | No. 1:19-cv-01623-DAD-EPG<br><br>ORDER GRANTING DEFENDANT STANISLAUS COUNTY'S MOTION TO DISMISS<br><br>(Doc. No. 25) |

This matter is before the court on defendant Stanislaus County's[1] motion to dismiss plaintiff's first amended complaint filed on June 4, 2021. (Doc. No. 25.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, defendant's motion was taken under submission on the papers. (Doc. No. 26.)

/////

/////

/////

---

[1] Although the docket in this case lists "Stanislaus County Human Resources Dept." as a separate defendant in this action, it appears that Stanislaus County Human Resources Dept. and Stanislaus County are a single defendant, consistent with the manner in which the assigned magistrate judge treated them in the screening order. (*See* Doc. No. 14 at 1.) Accordingly, the court will direct the Clerk of the Court to update the docket by terminating Stanislaus County Human Resources Dept. as a named defendant in this action.

For the reasons explained below, the court will grant defendant Stanislaus County's motion to dismiss.[2]

**BACKGROUND**

Plaintiff Britanie Hallmon, proceeding *pro se*, filed her complaint initiating this action on August 23, 2019 in the U.S. District Court for the Northern District of California. (Doc. No. 1.) Therein, plaintiff alleged that defendant had committed employment discrimination against her in violation of Title VII of the Civil Rights Act of 1964 by failing to promote her and by terminating her employment. (*Id.*) Plaintiff sought equitable relief under 42 U.S.C. § 2000e-5(g). (*Id.*)

After plaintiff's case was transferred to this district court on November 14, 2019 (Doc. Nos. 8, 9), the matter was referred to a United States Magistrate Judge for screening of plaintiff's complaint pursuant to 28 U.S.C. § 636(b)(1)(B) and under Local Rule 302 because plaintiff was proceeding in this action *pro se* and *in forma pauperis*. (*See* Doc. Nos. 1, 2, 10, 12.) On May 18, 2020, after having screened plaintiff's complaint, the assigned magistrate judge issued findings and recommendations, recommending that all of plaintiff's claims be dismissed except for her Title VII employment discrimination claim brought against defendant Stanislaus County. (Doc. No. 14.) On June 8, 2020, the undersigned adopted those findings and recommendations and directed that named defendants Tamra Thomas, Mari Tamimi, Shelly Anntonucci, and Joan Sahard be terminated from this action. (Doc. No. 18.)

On October 2, 2020, defendant Stanislaus County filed a motion to dismiss plaintiff's complaint (Doc. No. 19), but plaintiff did not respond to that motion. The court granted defendant Stanislaus County's motion to dismiss with leave to amend on April 29, 2021,

---

[2] The undersigned apologizes for the excessive delay in the issuance of this order. This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district long-ago reached crisis proportion. That situation has now been partially addressed by the U.S. Senate's confirmation of a district judge for one of this court's vacancies on December 17, 2021. Nonetheless, for over twenty-two months the undersigned was left presiding over approximately 1,300 civil cases and criminal matters involving 735 defendants. That situation resulted in the court not being able to issue orders in submitted civil matters within an acceptable period of time and continues even now as the undersigned works through the predictable backlog. This has been frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel.

2

1  providing plaintiff with twenty-one (21) days within which to file her first amended complaint.
2  (Doc. No. 23.) Twenty-two (22) days later, on May 21, 2021, plaintiff filed her first amended
3  complaint, which included an explanation that her filing was one day late because she thought 21
4  days referred to court days and did not include weekend days. (Doc. No. 24 at 15.)

5    In the operative first amended complaint, plaintiff alleges as follows. Plaintiff began
6  employment with Stanislaus County as a caseworker on December 12, 2016. (Doc. No. 24 at 8.)
7  Immediately upon beginning her employment, plaintiff noticed that her supervisor and other staff
8  members treated her differently than the other caseworkers in her training unit. (*Id.*) For
9  example, plaintiff did not receive the proper amount of training in comparison to that received by
10 the other new hires, as she was given only four months of training compared to their six. (*Id.*)
11 Nor did plaintiff receive the same level of guidance or counseling as the others in her training
12 group. (*Id.*) Plaintiff also requested additional training to "catch up" with her peers, but
13 plaintiff's request was denied multiple times. (*Id.*) When plaintiff requested help from her
14 supervisor in interpreting "various guidelines," she alleges that her supervisor did not help her
15 while others in her training group made similar requests to supervisors and did receive the
16 requested help. (*Id.*)

17   Plaintiff also advances somewhat contradictory allegations. For instance, plaintiff alleges
18 that she was never informed by a supervisor that her performance was substandard or that she
19 needed to make any improvement in her work, but at the same time, plaintiff alleges that she was
20 penalized for making unspecified mistakes that other members of her training group were not
21 being penalized for. (*Id.*) In this regard, plaintiff alleges that due to "obvious" mistreatment and
22 the disparity in treatment between that which she received and others in her training unit received,
23 plaintiff had the "department union representative" review her work and performance, and this
24 unnamed union representative informed plaintiff that her work was "being nitpicked." (*Id.*)
25 However, plaintiff does not allege in her first amended complaint what work of hers was being
26 nitpicked or what mistakes she was alleged to have committed or how she was penalized and
27 whether these mistakes or penalties affected her employment with defendant in anyway. In fact,
28 /////

plaintiff alleges that she was ultimately discharged by defendant[3] notwithstanding the fact that she was satisfying the requirements of her position based on monthly performance reviews from her supervisor, including that she was "meeting the grading criteria of the county of a 75% or higher." (*Id.* at 9.) Plaintiff further alleges, again, somewhat contradictorily, that her termination was improper because defendant allegedly did not follow its own policy of issuing a written performance review, but plaintiff also alleges that her own satisfactory performance could be "shown on a copy of [her] quality assurance review." (*Id.*) Plaintiff does not explain this lack of congruence between her satisfactory performance based on monthly performance reviews and her alleged lack of training or guidance, unfair penalizing, and "nitpicking."

Lastly, plaintiff alleges that: (i) she is African American and members of her training group that she claims were treated differently than her and to which she compares herself were Caucasian; and (ii) she satisfies all the education requirements and "skills and abilities" for her position as a case worker, which are summarized from the job description that is attached to the first amended complaint. (*Id.* at 9, 12.) On the form complaint portion of plaintiff's first amended complaint, she checked boxes indicating that she is alleging discriminatory conduct on the part of defendant including termination of employment, failure to be promoted, and unequal terms and conditions of her employment. (*Id.* at 4.) Plaintiff also checked the box on the form complaint portion of her first amended complaint stating that the U.S. Equal Employment Opportunity Commission ("EEOC") issued her a Notice of Right to Sue letter, but plaintiff failed to specify the date she received that letter and did not attach it to the operative first amended complaint.[4] (*Id.* at 5.)

---

[3] It appears that plaintiff was terminated on or about May 29, 2018 because she alleges in the form complaint portion of the first amended complaint that the discriminatory acts occurred between December 12, 2016 and May 29, 2018. (Doc. No. 24 at 4.)

[4] To her original complaint, plaintiff attached a letter from the EEOC terminating its investigation into her allegations and dismissing her charge. (Doc. No. 1 at 4.) The letter from the EEOC also included a "dismissal and notice of rights" informing plaintiff of her right to file suit under Title VII. (*Id.* at 5.) However, these documents were not attached to the operative first amended complaint, which must include all allegations and stand on its own without reference to earlier filed complaints. (*See* Doc. No. 12 at 4).

On June 4, 2021, defendant Stanislaus County filed the pending motion to dismiss based on three grounds: (i) plaintiff failed to comply with a court order by filing her first amended complaint one day late;[5] (ii) plaintiff failed to sufficiently plead exhaustion of administrative remedies by not reattaching the necessary exhibits to her first amended complaint; and (iii) plaintiff has failed to sufficiently plead a cause of action under Title VII based on race. (Doc. No. 25 at 2.) As with defendant's first motion to dismiss, plaintiff again has not filed any response to the pending motion. On June 29, 2021, defendant filed a reply brief reiterating the three bases for dismissal raised in its pending motion and arguing that plaintiff's failure to comply with the local rules of this court which require the responding party to file an opposition or non-opposition to any motion also warrants dismissal. (Doc. No. 27.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.

---

[5] Specifically, defendant argues that plaintiff's first amended complaint should be dismissed for violation of a court order under Rule 41(b) because it was untimely filed by a single day. (Doc. No. 25 at 10–11.) Because the court will grant defendant's pending motion on the merits, it need not address defendant's argument regarding the *pro se* plaintiff's one-day late filing.

1989). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

"Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent the pleadings can be cured by the allegation of additional facts, courts will generally grant leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted); *see also Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001) ("We consistently have held that leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'") (quoting *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000)); Fed. R. Civ. P. 15(a).

## ANALYSIS

**A.     Whether Plaintiff Sufficiently Alleges Exhaustion of Administrative Remedies**

"In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies." *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001). To exhaust those administrative remedies, a plaintiff must file a charge with the EEOC and receive a right-to-sue letter. *Scott v. Gino Morena Enterprises, LLC*, 888 F.3d 1101, 1106 (9th Cir. 2018) (citing 42 U.S.C. § 2000e-5(e)(1)). Once a plaintiff has received a right-to-sue letter, she has ninety (90) days to file a civil action. *Id.* (citing 42 U.S.C. § 2000e-5(f)(1)). Although the Ninth Circuit has held "that substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional prerequisite," *Sommatino*, 255 F.3d at 708, the Supreme Court more recently has held that "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cnty., Texas v. Davis*, __U.S.__, 139 S. Ct. 1843, 1850 (2019); *see also Williams v. Wolf*, No. 19-cv-00652-JCS, 2019 WL 6311381, at *6 (N.D. Cal. Nov. 25, 2019) ("This Court holds that the administrative complaint requirement for Title VII claims by federal employees is not jurisdictional, and that *Sommatino*'s holding to the contrary is no longer good law in light of *Fort Bend*."). However, even if administrative

6

exhaustion is not a jurisdictional requirement, a plaintiff "must allege compliance with that requirement . . . in order to state a claim on which relief may be granted." *Williams*, 2019 WL 6311381, at *6; *Cloud v. Brennan*, 436 F. Supp. 3d 1290, 1302 (N.D. Cal. 2020).

Here, the first amended complaint neither alleges that plaintiff has exhausted her administrative remedies nor has attached to it plaintiff's right-to-sue letter. (*See* Doc. No. 24.) Plaintiff did check a box on the form complaint portion of the first amended complaint stating that the EEOC "issued a Notice of Right to Sue letter, which I received on (*date*) _____," but plaintiff also failed to allege the date that she received the letter. (*Id.* at 5.) Likewise, plaintiff failed to complete the portion of the form complaint stating whether and when she filed her charge with the EEOC. (*Id.*) Without alleging the dates in conjunction with these checked boxes, plaintiff has not adequately alleged that she has exhausted her administrative remedies because it is not apparent that this action was filed within 90 days of her receiving a right to sue letter. Plaintiff has been previously advised (Doc. No. 12 at 4), that an amended complaint supersedes the original complaint and must be complete without reference to the prior or superseded pleading, including any attachments to those prior pleadings. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012); Local Rule 220 ("[E]very pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.").

Accordingly, plaintiff's complaint will be dismissed with leave to amend due to her failure to properly and adequately allege that she has exhausted her administrative remedies before filing this action.[6]

---

[6] The court declines defendant's request to order plaintiff to attach a copy of her underlying administrative charge filed with the EEOC to any second amended complaint she elects to file. (Doc. No. 25 at 12.) Attaching the underlying administrative charge is not required to sufficiently plead exhaustion of administrative remedies, as cases cited by defendant in their motion demonstrate. *See Mendenhall v. City & Cnty. of San Francisco*, No. 3:11-cv-04029 EMC, 2011 WL 6779300, at *4 (N.D. Cal. Dec. 27, 2011) (dismissing a *pro se* plaintiff's complaint for failure to allege exhaustion but granting leave to amend so plaintiff could "*describe* how these employment discrimination claims were timely filed"); *Win v. Salas*, No. 5:18-cv-00840-LHK, 2018 WL 3093464, at *4 (N.D. Cal. June 22, 2018) (directing *pro se* plaintiff that he "must allege that [he] received a right-to-sue notice from the EEOC, and attach such a notice" in his amended complaint but not requiring the administrative charge be attached).

1  **B.     Whether Plaintiff Sufficiently Alleges a Plausible Claim for Relief**

2        Under Title VII, an employer is prohibited from discriminating against any individual
3 because of the individual's race or color. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1019,
4 1028 (9th Cir. 2006). To establish a *prima facie* case of Title VII discrimination, a plaintiff must
5 ultimately show the following: (1) she is a member of a protected class; (2) she was qualified for
6 the position; (3) she suffered an adverse employment action; and (4) similarly situated individuals
7 outside her protected class were treated more favorably. *McDonnell Douglas Corp. v. Green*, 411
8 U.S. 792, 802 (1973); *Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F.3d 840, 847 (9th
9 Cir. 2004). "While a plaintiff need not plead facts constituting all elements of a *prima facie*
10 employment discrimination case in order to survive a Rule 12(b)(6) motion to dismiss, courts
11 nevertheless look to those elements to analyze a motion to dismiss, so as to decide, in light of
12 judicial experience and common sense, whether the challenged complaint contains sufficient
13 factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Achal v.*
14 *Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 796–97 (N.D. Cal. 2015) (citing *Sheppard v. David*
15 *Evans & Assoc.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012)).

16        Of course, federal courts must also liberally construe the "inartful pleading" of *pro se*
17 litigants. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *see also Hebbe v. Pliler*, 627
18 F.3d 338, 341–42 (9th Cir. 2010) (holding that even post-*Iqbal*, courts must still liberally construe
19 *pro se* filings). However, even "a liberal interpretation of a civil rights complaint may not supply
20 essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of*
21 *Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff's first amended complaint is an improved
22 effort over her original complaint, but plaintiff has still failed to sufficiently allege a Title VII
23 claim for employment discrimination.

24        Most importantly, plaintiff has not sufficiently alleged facts that, if proven, would
25 establish that her protected class played any role in her eventual termination. Although plaintiff
26 alleges that she is African American and that Caucasian members of her training group received
27 two additional months of training and were not unfairly penalized or "nitpicked," there is no
28 apparent connection between those alleged events and plaintiff's eventual termination by

8

defendant. Plaintiff does not allege facts explaining what penalties she received or how any supposed punishments unfairly contributed to her termination. Indeed, plaintiff's other allegations—that she was performing satisfactorily in her position based on monthly performance reviews and was never told that her performance was substandard—suggest that defendant in fact continued to approve of plaintiff's work, thus undercutting any arguable connection between the alleged lack of training/"nitpicking" and her ultimate termination. Moreover, nowhere does plaintiff allege that Caucasian members of her training group retained their jobs despite being similarly situated in their performance as plaintiff; only that they received two months more training, some discrete on-the-job guidance, and were not "nitpicked." *Cf. Sheppard*, 694 F.3d at 1048 (finding, in the context of age discrimination, that plaintiff's allegation that she was discharged but "five younger comparators kept their jobs" was sufficient to plausibly state a claim for discrimination).

Thus, absent additional factual allegations suggesting the alleged unfavorable treatment that plaintiff suffered also played some role in her termination, the court is unable to draw any inference supporting a plausible employment discrimination claim under Title VII. *See, e.g.*, *Howell v. STRM LLC - Garden of Eden*, No. 3:20-cv-00123-JSC, 2020 WL 5816582, at *3–4 (N.D. Cal. Sept. 30, 2020) (dismissing a *pro se* plaintiff's complaint due to her failure to allege facts supporting an inference that she was terminated because of her protected class, including failure to allege that "[d]efendants did not terminate other, non-African American, heterosexual, or male employees who engaged in similar conduct"); *Duke v. City Coll. of San Francisco*, 445 F. Supp. 3d 216, 233 (N.D. Cal. 2020) (dismissing an amended complaint because there was no logical inference that plaintiff was terminated due to "his membership in a protected class"). Accordingly, defendant's motion to dismiss plaintiff's employment discrimination claim for failure to state a cognizable claim will be granted with leave to amend also being granted.

**C.     Leave to Amend**

Plaintiff has failed to sufficiently allege any cognizable claim for relief, and the court will therefore dismiss her complaint in its entirety. Generally, "[c]ourts are free to grant a party leave to amend whenever 'justice so requires,' and requests for leave should be granted with 'extreme

liberality.'" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009).  There are several factors a district court considers in whether to grant leave to amend, including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility.  *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Given plaintiff's *pro se* status and the lack of any identifiable prejudice to defendant, the court will grant plaintiff one final opportunity to file an amended complaint if she is able to do so in good faith.  Plaintiff is advised that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires any amended complaint to be complete in itself without reference to prior pleadings.  A second amended complaint will supersede the operative first amended complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in any second amended complaint that plaintiff elects to file, she must attempt to cure the various deficiencies the court has identified in this order if she wishes to pursue her claim, including (i) clearly alleging that she exhausted her administrative remedies and attaching her right-to-sue letter that she received from the EEOC, and (ii) clearly alleging additional facts that would support an inference that plaintiff was terminated because of her race.

## CONCLUSION

For the reasons set forth above:

1. Defendant's motion to dismiss (Doc. No. 25) is granted;
2. Any second amended complaint plaintiff may elect to file shall be filed within twenty-one (21) days of service of this order; and
3. The Clerk of the Court is directed to update the docket by terminating Stanislaus County Human Resources Dept. as a named defendant in this action.

IT IS SO ORDERED.

Dated:  **April 21, 2022**

UNITED STATES DISTRICT JUDGE

10