UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITANIE HALLMON, | No. 1:19-cv-01623-DAD-EPG |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION DUE TO PLAINTIFF'S FAILURE TO PROSECUTE |
| STANISLAUS COUNTY, | |
| Defendant. | |

Plaintiff Britanie Hallmon, proceeding *pro se*, filed her complaint initiating this action on August 23, 2019, which was screened by the assigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (*See* Doc. Nos. 1, 2, 10, 12.) On June 8, 2020, the undersigned adopted the magistrate judge's findings and recommendations recommending that all of plaintiff's claims be dismissed except for her Title VII employment discrimination claim brought against defendant Stanislaus County. (Doc. No. 18.)

On October 2, 2020, defendant filed a motion to dismiss plaintiff's complaint. (Doc. No. 19.) Plaintiff did not file a response to that motion. On April 29, 2021, the court granted defendant's motion to dismiss with leave to amend (Doc. No. 23), and on May 21, 2021, plaintiff filed her first amended complaint. (Doc. No. 24.)

On June 4, 2021, defendant filed a motion to dismiss plaintiff's first amended complaint. (Doc. No. 25.) As with the previous motion to dismiss, plaintiff did not file any response to

1    defendant's motion.  On April 22, 2022, the court granted defendant's motion to dismiss the first
2    amended complaint with leave to amend, stating that "[a]ny second amended complaint plaintiff
3    may elect to file shall be filed within twenty-one (21) days of service of this order."  (Doc. No. 28
4    at 10.)  That same day, the court's order was served by mail on plaintiff at her address of record.
5    (Doc. No. 29.)  To date, plaintiff has not filed a second amended complaint or otherwise
6    communicated with the court, which suggests that plaintiff has elected not to file a second
7    amended complaint and has abandoned this action.

8    "The district court has the inherent power *sua sponte* to dismiss a case for lack of
9    prosecution."  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  When determining
10   whether to dismiss an action for lack of prosecution, the district court must weigh several factors:
11   "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its
12   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
13   cases on their merits and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d
14   1439, 1440 (9th Cir. 1988); *see also In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) ("Although
15   beneficial to the reviewing court, a district court is not required to make specific findings on each
16   of the essential factors.").  An unreasonable delay by plaintiff creates a rebuttable presumption of
17   prejudice.  *See In re Eisen*, 31 F.3d at 1453.

18   Here, the first, second, third, and fifth factors militate towards dismissal, outweighing any
19   concerns about resolving this case on its merits.  Plaintiff has elected not to file a second amended
20   complaint, even though she has ably filed responses to previous court orders, including by filing
21   her first amended complaint.  Thus, the fact that plaintiff has not responded to the court's order
22   granting her leave to file a second amended complaint suggests that this delay by plaintiff is
23   unreasonable.  Given that plaintiff has not otherwise communicated with the court, for example,
24   to request an extension of time in which to file a second amended complaint, there is no evident
25   basis on which to rebut the presumption of prejudice on defendant caused by plaintiff's
26   unreasonable delay.  Notably, this case was also initiated approximately two and a half years ago
27   and still has not proceeded past the pleadings stage, which runs counter to the public's interest in
28   expeditiously resolving this case and all other litigation in this district.  As such, given that this

case is still in a nascent stage, there is no less drastic measure that the court could take in sanctioning plaintiff's failure to prosecute. Finally, as the parties in this action have been informed (*see* Doc. No. 28 at 2 n.1), the undersigned has an unusually critical need to manage its docket judiciously because of the long-standing lack of judicial resources in this district.

Therefore, considering the factors noted above and that the deadline for plaintiff to file a second amended complaint has passed without a response from plaintiff, the court will dismiss this action due to plaintiff's failure to prosecute.

Accordingly:

1. This action is dismissed due to plaintiff's failure to prosecute; and
2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**May 26, 2022**__                  _____*Dale A. Drozd*_____
                                                                  UNITED STATES DISTRICT JUDGE